# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| SUSAN BYRNE <br><br> *Plaintiff(s)* <br> v. <br> UNITED STATES POSTAL SERVICE <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
CARTIER, BERNSTEIN, AUERBACH & STEINBERG, P.C.
100 Austin Street, Building 2
Patchogue, New York 11772

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUSAN BYRNE,

                        Plaintiff,

      -against-                      **VERIFIED COMPLAINT**

UNITED STATES POSTAL SERVICE and UNITED
STATES OF AMERICA,                    Jury Trial Demanded

                        Defendants.
-------------------------------------------------------------------X

       Plaintiff, SUSAN BYRNE, complaining of the defendant, by her attorneys, CARTIER, BERNSTEIN, AUERBACH & STEINBERG, P.C., allege as follows:

    1.    That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Suffolk, State of New York.

    2.    That at all times hereinafter mentioned, the defendant, UNITED STATES POSTAL SERVICE was a federal agency, duly organized and existing under and by virtue of the Laws of the Defendant's United States of America.

    3.    That pursuant to the Federal Tort Claims Act 28 U.S.C. §2401(b) prior to the commencement of this action and within two years after the happening of the occurrence herein, plaintiff served upon the defendant, UNITED STATES POSTAL SERVICE and Defendant UNITED STATES OF AMERICA a Claim for Damage, Injury or Death, in writing.

    4.    That at least 30 days have elapsed since the aforesaid Claim upon which this action is predicated against the defendant, UNITED STATES POSTAL SERVICE and Defendant UNITED STATES OF AMERICA was presented to it for adjustment and/or payment thereof, and it has neglected and refused to make such payment or adjustment.

    5.    That pursuant to the Federal Tort Claims Act 28 U.S.C. §2401(b) a suit is being

filed within 6 months of the date of the denial or a final offer on the claim.

6. That at all times hereinafter mentioned, the defendant, UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA it's agents, servants and/or employees, were charged with the duty of keeping and maintaining the premises, sidewalks, ramps and stairs at premises located at 1816 Wading River Manor Road, Wading River, County of Suffolk, State of New York, in a state of reasonable care, repair and safety.

7. That on and prior to August 26, 2019 at approximately 11:00 a.m., the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA was the owner of premises known as 1816 Wading River Manor Road, Wading River, County of Suffolk, State of New York.

8. That on and prior to August 26, 2019 at approximately 11:00 a.m., the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA leased, rented or occupied the premises known as 1816 Wading River Manor Road, Wading River, County of Suffolk, State of New York.

9. That on the above stated date, the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA it's agents, servants and/or employees, operated the aforementioned premises.

10. That on the above stated date, the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA it's agents, servants and/or employees, maintained the aforementioned premises.

11. That on the above stated date, the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA it's agents, servants and/or employees, managed the aforementioned premises.

12. That on the above stated date, the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA it's agents, servants and/or employees, controlled the aforementioned premises.

13. That on the above stated date, the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA it's agents, servants and/or employees, repaired the aforementioned premises.

14. That at all times herein mentioned, it was the duty of the defendant, UNITED STATES POSTAL SERVICE and/or UNITED STATES OF AMERICA it's agents, servants and/or employees, to keep and maintain said premises in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and others lawfully upon the aforementioned premises.

15. That on the above stated date, while plaintiff was lawfully a pedestrian at the aforesaid location, plaintiff was caused to trip over a raised, broken, cracked sidewalk and be violently precipitated to the pavement on the sidewalk leading to the front door of the post office and be injured by reason of the negligence, carelessness and want of proper care of the defendants, their agents, servants and/or employees.

16. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly by reason of the negligence and malfeasance of the defendants, their agents, servants, employees, contractors and/or subcontractors in the ownership, operation, management, construction, maintenance, inspection, repair and control of the aforementioned premises, and the lack of same in causing, allowing and permitting portions of the sidewalk to be, become and remain in a dangerous defective hazardous condition; in causing and permitting and/or allowing a dangerous condition to exist; and the defendant knew or by the

exercise of due care should have known of the dangerous condition and public nuisance aforementioned; in exposing pedestrians, including the plaintiff, to a dangerous and hazardous condition; in failing to properly and adequately repair the broken, cracked sidewalk; in failing and omitting to warn pedestrians of the aforesaid dangerous and hazardous condition by placing warning signs and/or barricades thereat; all in violation of accepted rules of common sense and common law as well as all applicable laws, rules, statutes and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises. Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

17. Both actual and constructive notices are claimed. Actual notice is claimed in that the defendant, its agents, servants and/or employees suffered, caused and/or permitted and/or allowed portions of said premises, to be, become and remain in a dangerous, defective, hazardous, unsafe condition; in allowing and permitting a large portion of said premises to be and remain in such a state of disrepair and/or negligent repair for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to properly maintain said premises and in improperly maintaining said premises; and in generally being negligent and reckless in the premises; constructive notice in that the condition existed for a long and unreasonable period of time and should have been discovered through timely inspections thereof and/or walking in the vicinity of the aforementioned defective condition.

18. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes may be permanently injured; has and will be prevented from attending to her usual

duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of the lower courts.

*WHEREFORE,* the plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of the lower courts; together with the costs and disbursements of this action.

DATED:    Patchogue, New York
                November 17, 2020

                                          Yours, etc.

                                          CARTIER, BERNSTEIN, AUERBACH & STEINBERG, P.C.
                                          Attorneys for Plaintiff
                                          100 Austin Street, Bldg. 2
                                          Patchogue, New York 11772
                                          (631) 654-4900

# CLIENT VERIFICATION

STATE OF NEW YORK)
                           ) ss.:
COUNTY OF SUFFOLK)

SUSAN BYRNE, being duly sworn, deposes and says:

I am the plaintiff in the action herein; I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
SUSAN BYRNE

Sworn to before me this
4th day of ~~November, 2020~~
December, 2020

_____
Notary Public

LINDA MARIE BOSWELL
Notary Public, State of New York
No. 02BO6177867
Qualified in Suffolk County
Commission Expires Nov. 19, 20 23

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSAN BYRNE,

                              Plaintiff,

-against-

UNITED STATES POSTAL SERVICE and
UNITED STATES OF AMERICA,

                              Defendants.

**SUMMONS AND VERIFIED COMPLAINT**

LAW OFFICE OF
CARTIER, BERNSTEIN, AUERBACH & STEINBERG, P.C.
Attorneys for Plaintiff(s)
100 AUSTIN STREET, BLDG. 2
PATCHOGUE, NY 11772
(631) 654-4900

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

Dated: 12/7/2020

Signature: *Kenneth A. Auerbach*

Print Signer's Name: Kenneth A. Auerbach, Esq.